IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**MELINDA THOMPSON, individually,**
**and as Next Friend, and Administrator**
**of the Estate of Gregory Thompson, Jr.**
**(Deceased),**

    Plaintiff,

v.

    Case No. 3:11-cv-00392
    Judge Nixon
    Magistrate Knowles

**CITY OF LEBANON, TENNESSEE, et al**

    Defendants.

### **\*\*REVISED\*\* JOINT AGREED PROTECTIVE ORDER**

COME NOW the Parties, by and through their undersigned counsel, agreeing that certain discovery requests have been made by Plaintiff which may include documentation that is protected by HIPPA as set forth in the letter dated November 19, 2012, which is attached hereto as Exhibit A. The parties are willing to enter into this Agreed Protective Order as a condition to the disclosure and use of any documents produced pursuant to the letter dated November 19, 2012, and agree to be bound by the terms of this Joint Agree Protective Order.

IT IS THEREFORE ORDERED that:

1. Any documents produced by the parties pursuant to the letter dated November 19, 2012, (attached hereto as Exhibit A) that are confidential HIPPA protected information shall be considered confidential. Any such confidential information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by

court order. Confidential Information shall not be given, shown, made available, communicated, or disclosed, except as set for below:

    (a)    The parties and attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

    (b)    Independent consultants and/or experts retained by the parties to work on the action;

    (c)    Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit;

    (d)    Stenographic court reporters and videographers engaged for depositions or other proceedings necessary to the conduct of the action;

    (e)    Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

    (f)    The Court and Court personnel;

2. Except as expressly provided herein, nothing in this Agreed Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules of Court, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Agreed Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court. (This order does not address evidentiary objections.)

3. The provisions of this Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief

as may be necessary.  Any party may seek modification of it provisions upon notice and hearing if necessary.

        ENTERED this _____ day of _____, 2012.

                                                    _____
                                                   JUDGE

APPROVED FOR ENTRY

By:    */s/ Danese K. Banks*
        DANESE K. BANKS (TNBPR No. 17705)
        One Commerce Square, Suite 1700
        Memphis, TN  38103
        (901) 523-1222 (Telephone)
        (901) 523-1999 (Facsimile)
        dbanks@cochranfirm.com

By:    */s/ Andrew C. Clarke*
        ANDREW C. CLARKE (TNBPR No. 15409)
        6250 Poplar Avenue, Second Floor
        Memphis, TN  38119
        (901) 590-0761 (Telephone)
        (901) 590-0779 (Facsimile)
        aclarke@accfirm.com

By:    */s/ William N. Bates*
        WILLIAM N. BATES (TNBPR No. 3578)
        Attorneys for Defendant City of Lebanon, TN
        211 Seventh Avenue, North, Suite 500
        Nashville, TN  37219
        (615) 254-3060 (Telephone)
        bill.bates@farrar-bates.com
        jennifer.locklin@farrar-bates.com

By:    */s/ Robert M. Burns*
        ROBERT M. BURNS (TNBPR No. 15383)
        Attorney for Defendants McKinley and McDannald
        300 James Robertson Parkway
        Nashville, TN  37201-1107
        (615) 244-3370 (Telephone)
        (615) 244-3518 (Facsimile)
        rburns@howell-fisher.com

By:    */s/ Bryan E. Pieper*
BRYAN E. PIEPER (TNBRP No. 16852)
Attorney for Defendants Scott Bowen and Billy Weeks
DRESCHER HELLER PIEPER MARTIN, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203
(615) 425-7111 (Telephone)
bpieper@dsattorneys.com

J. Russell Farrar
William N. Bates
Kristin Ellis Berexa
Teresa Reall Ricks
Robyn Beale Williams
Jennifer Orr Locklin
Keith F. Blue
Deanna Lee Fankhauser
Brandt M. McMillan
Rachel Morrison Casias*
Aaron S. Guin
El Shon D. Richmond**
E. Leith Marsh
John E. Carter
Mary E. Henderson
Mark E. McGrady

\* Also licensed in NM
\*\* Also licensed in WA

**LAW OFFICES**

**Farrar & Bates, L.L.P.**

Phone 615.254.3060
Fax 615.254.9835

211 Seventh Avenue North
Suite 500
Nashville, TN 37219
fblaw@farrar-bates.com

Of Counsel
Kim G. Adkins

November 19, 2012

Danese K. Banks, Esq.
The Cochran Firm
One Commerce Square
Suite 1700
Memphis, TN 38103

Andrew C. Clarke, Esq.
6250 Poplar Ave.
2nd Floor
Memphis, TN 38119

Re: <u>Thompson v. City of Lebanon, et al.</u>
Our File No. 4093

Counsel:

Based on the email requests for supplemental discovery that were sent during the depositions in this case, the City has reviewed the documents previously produced and are supplying those documents that need to be supplemented or responded to.

The EAP and other medical/psychological documents requested are confidential HIPAA protected information. The City will require a subpoena and an executed Protective Order before releasing these records under 45 C.F.R. § 164.512. If you will issue a subpoena and prepare a Protective Order for the defendants' review and execution, we will supplement those HIPAA protected documents upon our receipt.

Below are listed each request for supplemental discovery and the City's response below:

FB199685 / TML 4093

1. Any documents from military or from rescreening/testing by any other source regarding David McKinley and Mitchell McDannald when they returned from administrative leave after the shooting incident, or at any other time.

**RESPONSE:**

Due to the privileged and/or confidential nature of this response, counsel for the City and defendants, McKinley and McDannald, object to this request. Counsel will provide plaintiff with these records upon receipt of a subpoena to the City and the parties entering into a Protective Order pursuant to 45 C.F.R. § 164.512.

2. Any and all documents, slides, or PowerPoint presentations that showed the training that was received by McDannald and McKinley.

**RESPONSE:**

All training documents, including slides and PowerPoint presentations were provided to counsel for plaintiff in the City's responses to the Public Records Act request. These documents are located throughout the documents Bates labeled PRA 001179-001444.

3. Any and all settlement agreements on resolved cases that Billy Weeks was the plaintiff.

**RESPONSE:**
See Attachment #1.

4. Any disciplinary documents on David McKinley regarding the box of knives he had.

**RESPONSE:**
See Attachment #2.

6. Titus Kelley's personal files on McDannald and McKinley.

**RESPONSE:**

See Attachments #3 and #4 for the Sergeant files on Mitchell McDannald and David McKinley, respectively. There are medical records included in these files and they will be disclosed upon receipt of a subpoena and an executed Protective Order.

FB199685 / TML 4093

7. Scott Bowen's personal files on McDannald and McKinley.

**RESPONSE:**

Counsel for Mr. Bowen will be providing this response.

7. Scott Bowen's documents from the FBI seminar he attended.

**RESPONSE:**

Counsel for Mr. Bowen will be providing this response.

8. Supplement to Request #4 of the Plaintiff's First Set of Request for Production, which includes supplements on McDannald, McKinley, Bowen and Weeks personnel and training files, among other supplements that the responses to were previously provided and/or listed herein.

**RESPONSE:**

The personnel files of each individual were previously provided to plaintiff in the City's responses to plaintiff's First Set of Interrogatories and Request for Production in October 2011. However, any supplements to these personnel files from October 2011 to present, which have not already been produced in the City's response to the Public Records Act requests, are attached hereto as Attachments #5, #6, and #7 for Mitchell McDannald, David McKinley and Scott Bowen, respectively.

9. Any EAP files on McKinley and McDannald to include, but not be limited to, any psychological evaluations, IQ tests, records from Brentwood, CVSA tests, clearance for fitness for duty, etc.

**RESPONSE:**

EAP records are confidential medical information under HIPAA, and counsel for the City and defendants, McKinley and McDannald, object to this request. Counsel will provide plaintiff with these records upon receipt of a subpoena to the City and the parties entering into a Protective Order pursuant to 45 C.F.R. § 164.512.

10. Any and all FTO, Shift Training and Roll Call Training records on McKinley and McDannald.

**RESPONSE:**

See Attachment #8 for the most recent FTO training; All additional FTO training documents for these defendants were previously provided by the City in the defendants' personnel files and in the City's response to the Public Record Act requests.

Shift training documents were previously provided by the City in their response to the Public Records Act. See also Attachment #9 for additional online shift training completed by Defendants McKinley and McDannald.

The City is in the process of obtaining the Roll Call training records. These documents will be supplemented.

11. Shift Training records for all Shift Supervisors that Titus referenced in his deposition.

**RESPONSE:** Supervisory and non-supervisory personnel follow the same in-service lesson plans for their shift training. Copies of the Lebanon Police Department in-service lesson plans have previously been provided in the City's response to the Public Record Acts request.

12. All documents pertaining to the arrest of McDannald; his employment; disciplinary charges brought against McDannald; the termination/resignation of McDannald; any grievances filed by McDannald; any appeals filed by McDannald; documents related to McDannald's hearing; or any other document related to McDannald.

**RESPONSE:**

See Attachment # 5 and Attachment #10.

If you have any questions, please feel free to contact me.

Sincerely,

*Shahn Donegan*

Shahn L. Donegan
Paralegal to William N. Bates

FB199685 / TML 4093

Enclosures

cc: Bob Burns, Esq.
Megan Mitchler, Esq.
Bryan Pieper, Esq.
Peter Robison, Esq.
Andy Wright, Esq.

FB199685 / TML 4093